**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4634**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PERRY BROOKS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., Senior District Judge. (2:01-cr-00172-1)

Submitted: March 14, 2019                                Decided: May 10, 2019

Before WILKINSON, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Acting Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Jennifer Rada Herrald, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Perry Brooks appeals from the sentence imposed following the district court's revocation of his supervised release. The district court sentenced Brooks to 36 months' imprisonment to be followed by an additional 24-month term of supervised release. On appeal, Brooks contends that the district court erred in failing to address his nonfrivolous argument for not imposing a term of supervised release. We affirm the district court's judgment.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. *Slappy*, 872 F.3d at 207; *see* 18 U.S.C. § 3583(e) (2012). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *Slappy*, 872 F.3d at 207 (alterations and internal quotation marks omitted). A sentence is plainly unreasonable only if "it runs afoul of clearly settled law." *Id.* at 211 (internal quotation marks omitted).

Although the district court did not explicitly address Brooks's argument that the court should not impose a further term of supervised release because he did not have ties to the Southern District of West Virginia, we discern no procedural error. We agree with the Government that this argument was frivolous. As we have recognized, "supervised release is designed to ease the defendant's transition into the community after the service of a long prison term or to provide rehabilitation to a defendant who has spent a fairly short period in prison but still needs supervision after release." *United States v. Pierce*, 75 F.3d 173, 177 (4th Cir. 1996) (alterations and internal quotation marks omitted). The fact that Brooks does not have a support system in West Virginia does not provide a basis to impose no further term of supervised release; to the contrary, it provides a compelling reason to provide supervision. Providing no structure to Brooks, who quickly resumed criminal conduct after his release from prison, does not promote the purposes of supervised release.

Furthermore, we conclude that the district court's overall explanation of the sentence was sufficient. In reaching this determination, we consider "whether, in context, the district court's explanation of [a defendant's] sentence provided a sufficient assurance that it considered his arguments." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018). Here, the context of the district court's explanation demonstrates that it did so. The court noted the breach of trust evidenced by Brooks's conduct, as well as the fact that Brooks violated the terms of his supervision shortly after his release from prison. Additionally, after the court announced the sentence, it explained in detail its hope that Brooks reform himself before he risked spending the rest of his life in prison. An

3

additional term of supervised release necessarily provides the structure that could enable Brooks to change his behavior and become a law-abiding citizen.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*